UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| **TRUSTEES OF THE BRICKLAYERS UNION LOCAL NO. 6 OF INDIANA PENSION FUND**<br>7985 Marshall Street<br>Merrillville, IN 46410<br><br>and<br><br>**TRUSTEES OF THE BRICKLAYERS UNION LOCAL NO. 6 OF INDIANA WELFARE FUND**<br>7985 Marshall Street<br>Merrillville, IN 46410<br><br>    **Plaintiffs,**<br><br>v.<br><br>**ABLE MASONRY DEVELOPMENT CO.**<br>645 Parkwood Avenue<br>Romeoville, IL 60446<br><br>    **Defendant.** | Case No.  2:19-cv-00102 |

## COMPLAINT

1. Plaintiffs are the Trustees of the Bricklayers Union Local No. 6 of Indiana Pension Fund and the Trustees of the Bricklayers Union Local No. 6 of Indiana Welfare Fund (collectively, "the Funds"). Defendant, Able Masonry Development Co., is an employer that is obligated to make contributions to the Funds, based upon a contractually agreed rate, so that Defendant's employees may participate in and receive the employee benefits through the Funds. Plaintiffs bring this action on behalf of the participants and beneficiaries of the Funds for the purpose of collecting contributions and all amounts due as a result of Defendant's failure to remit contributions to the Funds as required.

## JURISDICTION AND VENUE

2. This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq. Jurisdiction is conferred upon this Court pursuant to ERISA §§ 502 and 515, 29 U.S.C. §§ 1132 and 1145, as this is a suit against an employer for failing to make required contributions to an employee benefit fund. Jurisdiction is also conferred upon this Court pursuant to Section 301(a) of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185(a), as this suit alleges violations of a collective bargaining agreement involving an employer and labor organization.

3. Venue is appropriate in this Court under ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2) because the cause of action described herein is occurring within the jurisdiction of the U.S. District Court for the Northern District of Indiana, Hammond Division.

## PARTIES

4. Plaintiffs, Trustees of the Bricklayers Union Local No. 6 of Indiana Pension Fund and of the Bricklayers Union Local No. 6 of Indiana Welfare Fund ("the Funds"), are responsible for collection contributions for the Funds, which are multiemployer benefit plans and employee welfare benefit plans within the meaning of ERISA §§ 3(1), (37), 29 U.S.C. §§ 1002(1). The Funds are administered at 7985 Marshall Street, Merrillville, IN 46410.

5. Defendant, Able Masonry Development Co., is an Illinois corporation with its principal place of business located at 645 Parkwood Avenue, Romeoville, IL 60446. At all relevant times, Defendant was an employer as defined in LMRA § 2(2), 29 U.S.C. § 152(2) and ERISA § 3(5), 29 U.S.C. § 1002(5). Defendant was engaged in interstate commerce and affecting commerce as defined in ERISA § 3(11) and (12), 29 U.S.C. § 1002(11) and (12).

**RELEVANT FACTS**

6. The Bricklayers Union Local No. 6 of Indiana Pension Fund ("Pension Fund") was established by an Agreement and Declaration of Trust ("Pension Fund Trust Agreement") for the sole purpose of providing pension benefits to certain eligible employees and their beneficiaries. (Exhibit 1, Pension Fund Trust Agreement, Art. II, Section 1, at p. 5). The Pension Fund is an "employee pension benefit plan" as defined by ERISA §§ 3(2) and 3(3); 29 U.S.C. § 1002(2). The Pension Fund is a multi-employer plan as defined by ERISA §§ 3(37) and 4001(a)(3); 29 U.S.C § 1002(37).

7. The Pension Fund is administered by a joint Board of Trustees composed of an equal number of employee and employer representatives, as required by Section 302(c)(5) of the LMRA, 29 U.S.C § 186(c)(5). The Pension Fund Board of Trustees is the "plan sponsor" of the Pension Fund as defined by 29 U.S.C. § 1002(16)(B)(iii).

8. The Pension Fund Board of Trustees is vested with the authority to collect employer contributions due to the Pension Fund. (Exhibit 1, Pension Fund Trust Agreement, Art. II, Section 5, at p. 8).

9. The Bricklayers Union Local No. 6 of Indiana Welfare Fund ("Health Fund") was established by an Agreement and Declaration of Trust ("Health Fund Trust Agreement") for the purpose of providing healthcare benefits to eligible employees. (Exhibit 2, Health Fund Trust Agreement, Art. II, Section 1, at p. 5). The Health Fund is an "employee welfare benefit plan" as defined by ERISA §§ 3(1) and 3(3); 29 U.S.C. § 1002(1). The Health Fund is a multi-employer plan as defined by ERISA §§ 3(37) and 4001(a)(3); 29 U.S.C § 1002(37).

10. The Health Fund is administered by a joint Board of Trustees composed of an equal number of employee and employer representatives, as required by LMRA § 302(c)(5), 29 U.S.C

§ 186(c)(5). The Health Fund Board of Trustees is the "plan sponsor" of the Health Fund as defined by 29 U.S.C. § 1002(16)(B)(iii).

11. The Health Fund Board of Trustees is vested with the authority to collect employer contributions due to the Health Fund. (Exhibit 2, Health Fund Trust Agreement, Art. II, Section 5, at p. 7).

12. Plaintiffs adopted a joint Collection Policy for All Contributions Owed to the Bricklayers Local No. 6 of Indiana Pension Fund and Bricklayers Local No. 6 of Indiana Welfare Fund ("Collection Policy") to ensure employers remit benefit contributions in a timely and orderly manner. (Exhibit 3, Collection Policy).

13. On March 9, 2012, Defendant, by and through its duly authorized bargaining agent, executed a Collective Bargaining Agreement ("CBA"), thereby becoming a party to the terms of the CBA. (Exhibit 4, CBA).

14. By executing the CBA, Defendant became obligated to submit timely reports of the hours paid to covered employees and to make certain contributions to the Pension and Health Funds, along with contributions to other employee benefit funds. (Exhibit 4, CBA, Art. VIII, Sections 1-2, at pp. 7-8).

15. Despite having a contractual obligation to submit monthly reports of hours paid to covered employees and to remit contribution payments, Defendant has failed to report all hours paid to covered employees and has similarly failed to remit all contribution payments due for the period of October 1, 2010 through December 31, 2016 ("the Relevant Period").

16. Defendant has failed to make payments despite repeated attempts at collection.

17. As a result of Defendant's conduct, Defendant is liable to Plaintiff, the Pension Fund, for delinquent contributions totaling $2,872.25 for covered hours worked during the

Relevant Period, plus liquidated damages, and interest in an amount yet to be determined pursuant to ERISA § 502(g)(2), 29 U.S.C. § 1132(g)(2), ERISA § 515, 29 U.S.C. § 1145 and LMRA § 301, 29 U.S.C. § 185.

18.  As a result of Defendant's conduct, Defendant is liable to Plaintiff, the Health Fund, for delinquent contributions totaling $2,861.40 for covered hours worked during the Relevant Period, plus liquidated damages, and interest in an amount yet to be determined pursuant to ERISA § 502(g)(2), 29 U.S.C. § 1132(g)(2), ERISA § 515, 29 U.S.C. § 1145 and LMRA § 301, 29 U.S.C. § 185.

19.  Moreover, Defendant may have covered hours after the Relevant Period which were not reported to Plaintiffs and therefore an audit must be completed to determine the amounts owed, if any, for months subsequent to the Relevant Period.

## COUNT I
### Failure to Remit Contributions/Reports
### ERISA § 515, 29 U.S.C. § 1145

20.  Plaintiffs reallege each averment set forth above as if fully rewritten herein.

21.  At all relevant times, Defendant was a party to and agreed to abide by the terms of a CBA.

22.  The terms of the CBA require Defendant to make contributions to the Funds. (Exhibit 4, CBA, Art. VIII, Sections 1, 2, 5, at pp. 7-8). The CBA also binds Defendant to the terms of the Pension and Health Trust Agreements. (Exhibit 4, CBA, Art. VIII, Section 3, at p. 8).

23.  The Plaintiffs have a duty to collect contributions owed to the Funds.

24.  Pursuant to the CBA, Pension Trust, Health Trust, and Collection Policy adopted by Plaintiffs, Defendant is required to submit accurate monthly reports of hours paid to covered employees and remit full and correct contribution payments. (Exhibit 1, Pension Fund Trust

Agreement, Art. III, Sections 1-3, at p. 7; Exhibit 2, Health Fund Trust Agreement, Art. III, Sections 1-3, at p. 7; Exhibit 3, Collection Policy, Sections 1-2, at pp. 1-2; Exhibit 4, CBA, Art. VIII, Section 2, at p. 7).

25. Defendant may also be subject to payroll audits as may be deemed appropriate by Plaintiffs. Defendant is required to provide in connection with such audits any and all payroll records that may be required to complete such audits. (Exhibit 1, Pension Fund Trust Agreement, Art. III, Section 7, at pp. 9-10; Exhibit 2, Health Fund Trust Agreement, Art. III, Section 7, at p. 10; Exhibit 4, CBA, Art. VIII, Section 6).

26. The CBA requires Defendant to submit all monthly reports and contributions on or before the 15th day of the month following the month in which work was performed. In the event that contributions are not made by the due date, they are delinquent. (Exhibit 3, Collection Policy, at p. 1; Exhibit 4, CBA, Art. VIII, Section 2, at pp. 7-8).

27. Defendant failed to timely report all hours paid and timely remit all contribution payments for work performed by covered employees for the period of October 1, 2010 through December 31, 2016 as required by the CBA, Trust Agreements, and Collection Policy.

28. Defendant's actions are in violation of ERISA § 515, 29 U.S.C. § 1145, and Defendant is therefore liable for delinquent contributions, liquidated damages, accrued and accruing interest, and attorney's fees pursuant to ERISA § 502(g)(2), 29 U.S.C. § 1132(g)(2).

**COUNT II**
**Breach of Contract & Failure to Remit Contributions/Reports**
**LMRA § 301, 29 U.S.C. § 185**

29. Plaintiffs reallege each averment set forth above as if fully rewritten herein.

30. At all relevant times, Defendant was a party to and agreed to abide by the terms of a CBA.

31. The terms of the CBA require Defendant to make contributions to the Funds. (Exhibit 4, CBA, Art. VIII, Sections 1, 2, 5, at pp. 7-8). The CBA also binds Defendant to the terms of the Pension and Health Trust Agreements. (Exhibit 4, CBA, Art. VIII, Section 3, at p. 8).

32. The Plaintiffs have a duty to collect contributions owed to the Funds.

33. Pursuant to the CBA, Pension Trust, Health Trust, and Collection Policy adopted by Plaintiffs, Defendant is required to submit accurate monthly reports of hours paid to covered employees and remit full and correct contribution payments. (Exhibit 1, Pension Fund Trust Agreement, Art. III, Sections 1-3, at p. 7; Exhibit 2, Health Fund Trust Agreement, Art. III, Sections 1-3, at p. 7; Exhibit 3, Collection Policy, Sections 1-2, at pp. 1-2; Exhibit 4, CBA, Art. VIII, Section 2, at p. 7).

34. The CBA requires Defendant to submit all monthly reports and contributions on or before the 15th day of the month following the month in which work was performed. In the event that contributions are not made by the due date, they are delinquent. (Exhibit 3, Collection Policy, at p. 1; Exhibit 4, CBA, Art. VIII, Section 2, at pp. 7-8).

35. Defendant may also be subject to payroll audits as may be deemed appropriate by Plaintiffs. Defendant is required to provide in connection with such audits any and all payroll records that may be required to complete such audits. (Exhibit 1, Pension Fund Trust Agreement, Art. III, Section 7, at pp. 9-10; Exhibit 2, Health Fund Trust Agreement, Art. III, Section 7, at p. 10; Exhibit 4, CBA, Art. VIII, Section 6).

36. Defendant failed to timely report all hours and timely remit all contribution payments for work performed by covered employees for the Relevant Period of October 1, 2010 through December 31, 2016 as required by the CBA, Trust Agreements, and Collection Policy.

7

Moreover, Defendant may have covered hours for months after the Relevant Period which were not reported to Plaintiffs.

37. Defendant's conduct is in breach of the CBA, Trust Agreements, and Collection Policy, and Plaintiffs are therefore entitled to relief pursuant to LMRA § 301, 29 U.S.C. § 185.

## COUNT III
**Failure to Pay Liquidated Damages and Interest**
**ERISA § 515, 29 U.S.C. § 1145**

38. Plaintiffs reallege each averment set forth above as if fully rewritten herein.

39. At all relevant times, Defendant was a party to and agreed to abide by the terms of a CBA.

40. The terms of the CBA require Defendant to make contributions to certain plans for which Plaintiffs are the trustees. (Exhibit 4, CBA, Art. VIII, Sections 1, 2, 5, at pp. 7-8). The CBA also binds Defendant to the terms of the Plans' Trust Agreements. (Exhibit 4, CBA, Art. VIII, Section 3, at p. 8).

41. The Plaintiffs have a duty to collect contributions owed to the Funds.

42. Pursuant to the CBA, Pension Trust, Health Trust, and Collection Policy adopted by Plaintiffs, Defendant is required to submit accurate monthly reports of hours paid to covered employees and remit full and correct contribution payments. (Exhibit 1, Pension Fund Trust Agreement, Art. III, Sections 1-3, at p. 7; Exhibit 2, Health Fund Trust Agreement, Art. III, Sections 1-3, at p. 7; Exhibit 3, Collection Policy, Sections 1-2, at pp. 1-2; Exhibit 4, CBA, Art. VIII, Section 2, at p. 7).

43. The CBA and Collection Policy require Defendant to submit all monthly reports and contributions on or before the 15th day of the month following the month in which work was performed. (Exhibit 3, Collection Policy, at p. 1; Exhibit 4, CBA, Art. VIII, Section 2, at pp. 7-8).

If monthly work reports and contributions are delinquent and payment is not made within 15 days of demand, liquidated damages of 10% are assessed. (Exhibit 3, Collection Policy, Section 2, at p. 2). Delinquent contributions are also subject to 10% annual interest beginning on the 15th day following demand for payment. *Id*.

44. Defendant failed to timely report all hours and timely remit all contribution payments for work performed by covered employees for the period of October 1, 2010 through December 31, 2016 as required by the CBA, Trust Agreements, and Collection Policy. As such, Plaintiffs are entitled to liquidated damages and interest from their respective due dates for the months of October 2010 through the present.

45. Defendant's actions violate ERISA § 515, 29 U.S.C. § 1145 and Plaintiffs, therefore, are entitled to liquidated damages and/or late fees pursuant to ERISA § 502(g)(2)(C)(ii), 29 U.S.C. § 1132(g)(2)(C)(ii).

## COUNT IV
### Breach of Contract & Failure to Pay Liquidated Damages and Interest
### LMRA § 301, 29 U.S.C. § 185

46. Plaintiffs reallege each averment set forth above as if fully rewritten herein.

47. At all relevant times, Defendant was a party to and agreed to abide by the terms of a CBA.

48. The terms of the CBA require Defendant to make contributions to certain plans for which Plaintiffs are the trustees. (Exhibit 4, CBA, Art. VIII, Sections 1, 2, 5, at pp. 7-8). The CBA also binds Defendant to the terms of the Plans' Trust Agreements. (Exhibit 4, CBA, Art. VIII, Section 3, at p. 8).

49. The Plaintiffs have a duty to collect contributions owed to the Funds.

9

50. Pursuant to the CBA, Pension Trust, Health Trust, and Collection Policy adopted by Plaintiffs, Defendant is required to submit accurate monthly reports of hours paid to covered employees and remit full and correct contribution payments. (Exhibit 1, Pension Fund Trust Agreement, Art. III, Sections 1-3, at p. 7; Exhibit 2, Health Fund Trust Agreement, Art. III, Sections 1-3, at p. 7; Exhibit 3, Collection Policy, Sections 1-2, at pp. 1-2; Exhibit 4, CBA, Art. VIII, Section 2, at p. 7).

51. The CBA and Collection Policy require Defendant to submit all monthly reports and contributions on or before the 15th day of the month following the month in which work was performed. (Exhibit 3, Collection Policy, at p. 1; Exhibit 4, CBA, Art. VIII, Section 2, at pp. 7-8). If monthly work reports and contributions are delinquent and payment is not made within 15 days of demand, liquidated damages of 10% are assessed. (Exhibit 3, Collection Policy, Section 2, at p. 2). Delinquent contributions are also subject to 10% annual interest beginning on the 15th day following demand for payment. *Id*.

52. Defendant failed to timely report all hours and timely remit all contribution payments for work performed by covered employees for the period of October 1, 2010 through December 31, 2016 as required by the CBA, Trust Agreements, and Collection Policy. As such, Plaintiffs are entitled to liquidated damages and interest from their respective due dates for the months of October 2010 through the present.

53. Defendant's actions are in breach of the CBA, Trust Agreements, and Collection Policy, and Plaintiffs, therefore, are entitled to liquidated damages and interest pursuant to LMRA § 301, 29 U.S.C. § 185.

## COUNT V
### Order Compelling Payroll Audit
### ERISA § 502(g)(2)(E), 29 U.S.C. § 1132(g)(2)(E)

54. Plaintiffs reallege each averment set forth as if fully rewritten herein.

55. At all relevant times, Defendant was a party to and agreed to abide by the terms of a CBA.

56. The terms of the CBA require Defendant to make contributions to certain plans for which Plaintiffs are the trustees. (Exhibit 4, CBA, Art. VIII, Sections 1, 2, 5, at pp. 7-8). The CBA also binds Defendant to the terms of the Funds' Trust Agreements. (Exhibit 4, CBA, Art. VIII, Section 3, at p. 8).

57. Pursuant to the CBA and Collection Policy adopted by Plaintiffs, Defendant is required to submit accurate monthly reports of hours paid to covered employees and remit full and correct contribution payments. (Exhibit 1, Pension Fund Trust Agreement, Art. III, Sections 1-3, at p. 7; Exhibit 2, Health Fund Trust Agreement, Art. III, Sections 1-3, at p. 7; Exhibit 3, Collection Policy, Sections 1-2, at pp. 1-2; Exhibit 4, CBA, Art. VIII, Section 2, at p. 7).

58. The CBA and Collection Policy require Defendant to submit all monthly reports and contributions on or before the 15th day of the month following the month in which work was performed. In the event that contributions are not made by the due date, they are delinquent. (Exhibit 3, Collection Policy, at p. 1; Exhibit 4, CBA, Art. VIII, Section 2, at pp. 7-8).

59. Pursuant to the terms of the CBA and the Audit Policy, Defendant may also be subjected to payroll audits as may be deemed appropriate. Defendant is required to provide in conjunction with such audits any and all payroll records that may be required to complete such audits. (Exhibit 1, Pension Fund Trust Agreement, Art. III, Section 7, at pp. 9-10; Exhibit 2, Health Fund Trust Agreement, Art. III, Section 7, at p. 10; Exhibit 4, CBA, Art. VIII, Section 6).

60. Plaintiffs have no way of verifying, absent an audit, the number of hours paid to covered employees after the Relevant Period. Therefore, Plaintiffs have no way of ascertaining the precise amount owed in delinquent contributions, late fees, and interest.

61. In accordance with the terms of the CBA, Trust Agreements, and Audit Policy, Plaintiffs are entitled to an order compelling Defendant to submit to a payroll audit pursuant to ERISA § 502(g)(2)(E), 29 U.S.C. § 1132(g)(2)(E).

**WHEREFORE**, Plaintiffs demand the following relief:

A. Judgment in favor of Plaintiffs and against Defendant for unpaid and delinquent contributions owed by Defendant for the period of October 1, 2010 to December 31, 2016, in the amounts set forth above and in such further amounts as may be determined;

B. Judgment on behalf of Plaintiffs and against Defendant for accumulated interest at the rate of 10% per year for late and/or unpaid contributions from their respective due dates of such contributions, liquidated damages of 10% of the late and/or unpaid contributions;

C. Judgment on behalf of Plaintiffs and against Defendant in the amount of unpaid contributions from January 2017 forward, including unpaid contributions which should accrue during the pendency of this action, as provided under ERISA § 502(g), 29 U.S.C. § 1332(g)(2)(A);

D. Judgment against the Defendant requiring Defendant to submit to a payroll audit to determine any additional amounts that may be due and owing to Plaintiffs;

E. Judgment on behalf of Plaintiffs and against Defendant for all contributions owed, subject to amounts determined via payroll audit;

F. Judgment on behalf of Plaintiffs and against Defendant requiring payment of interest and liquidated damages on amounts found to be delinquent via payroll audit;

G. An award of reasonable attorney's fees incurred in connection with the collection of the unpaid amounts as provided for by the terms of the agreements and ERISA § 502(g), 29 U.S.C. § 1132(g)(2)(D); and

H. Any other legal or equitable relief which the Court deems just as provided for under ERISA § 502(g)(2)(E), 29 U.S.C. § 1132(g)(2)(E), pursuant to ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3).

Dated: March 15, 2019

Respectfully submitted,

s/ Thomas R. Kendall
Thomas R. Kendall (26859-15)
Paul E. Stoehr (OH 0096213)
**LEDBETTER PARISI LLC**
5078 Wooster Road, Suite 400
Cincinnati, OH 45226
937-619-0900
937-619-0999 (fax)
tkendall@fringebenefitlaw.com
pstoehr@fringebenefitlaw.com
*Counsel for Plaintiffs*